IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARLON FRANKLIN WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:22-CV-203-H-BQ |
| | § | |
| JASON FORD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Marlon Franklin Walker filed his pro se complaint on August 5, 2022, and pursuant to *Special Order 3–251*, this case was automatically referred to the undersigned for pretrial management. ECF Nos. 1, 2. The Court thereafter entered an order setting forth several deficiencies in the Complaint and requiring Walker to file an amended complaint no later than September 27, 2022, in compliance with Rule 8 of the Federal Rules of Civil Procedure. ECF No. 4. Walker failed to comply. As such, the Court entered a second notice of deficiency, ordering Walker to file an amended complaint no later than October 21, 2022. ECF No. 5. As of the date of these findings, conclusions, and recommendation (FCR), Walker has not yet filed an amended complaint or any other pleading in the above-captioned case.

Because Walker has not pleaded sufficient facts establishing the Court's subject matter jurisdiction, the undersigned recommends that the United States District Judge dismiss Walker's Complaint without prejudice for lack of subject matter jurisdiction. Alternatively, the undersigned recommends that this action be dismissed for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

I.   **Procedural History**

In his Complaint, Walker identifies the following defendants: Jason Ford; George Bush; Gene Messer; Butch Henderson; Curtis McMullin; Mike Klein; Joe (last name unknown); and an unknown "person from New York that stole $24,500 from [Walker]." Compl. 2–3, 9–10, ECF No. 1.[1] Walker's precise claims and the grounds upon which they rest are difficult to decipher, and his Complaint sets forth delusional and often incomprehensible allegations, including the following:

- "[Defendants] wouldn't let me find a job. They wouldn't let me call the police. The hurt me emotionally, and they wont leave my house. They will not get off of me [sic all]."
- "The people put their heads through the walls of my house and beat me up. They hurt me emotionally. They also made me have sex with wemon [sic] the whole time. I urinated over 3,000 times."
- "They made my mother marry a man named Gerry. . . . Gerry also said he was in the mob and he didn't like me and my mother that much."
- "They also said they where going to rape me and make me cut off my penis and have sex with wemon for the rest of my like [sic all]."

Compl. 3, 5–7.

On September 6, 2022, the Court entered an order identifying the deficiencies in Walker's Complaint:

> Having reviewed Plaintiff's Complaint, the Court is of the opinion that he has failed to satisfy Rule 8(a)'s standards. Simply put, it is not clear what claims he brings against each defendant or the basis upon which the Court's jurisdiction rests as to those claims. *See generally* ECF No. 1. The Complaint is largely devoid of dates and specific facts. *See id.* at 4 (answering that the events took place between "1999 – 2022"). Instead, Plaintiff's pleading makes conclusory and sweeping allegations, which give the Court (and potential defendants) little or no notice as to his specific claims. *See, e.g., id.* (alleging Defendants "[t]ried to take away [his] rights"), 6 ("I can't tell you everything they did to me because they done [sic] a lot of things to me."). Thus, Plaintiff's Complaint is not a "short and plain statement" that clearly indicates what claims are being brought and the grounds upon which they rest.

---

[1] Page citations to Walker's Complaint refer to the electronic page number assigned by the Court's electronic filing system.

> Moreover, although Plaintiff checked the box for "Federal officials (a *Bivens* claim)," Plaintiff's Complaint provides no facts identifying any Defendant as a federal official—except, possibly, George Bush. Finally, the Complaint does not make clear whether venue is proper in the United States District Court for the Northern District of Texas, Lubbock Division. *See* 28 U.S.C. § 1391; *see also* § 1404.

ECF No. 4. As such, the Court directed Walker to file an amended complaint within twenty-one days—i.e., September 27, 2022. *Id.* at 2. Walker failed to comply.

Thereafter, the Court entered a second deficiency order on September 30, 2022, once again requiring Walker to file an amended complaint, "setting forth a short and plain statement listing all defendants and all Plaintiff's claims against those defendants" and alleging "sufficient facts to demonstrate that this Court may exercise subject-matter jurisdiction over Plaintiff's claims and whether venue is proper in the Northern District of Texas, Lubbock Division." ECF No. 5, at 1–2. The Court ordered Walker to do so within twenty-one days (i.e., October 21, 2022) and warned him that failure to comply with the order would result in a recommendation that this action be dismissed for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b). *Id.*

As of the date of this FCR, Walker has failed to file an amended pleading. Thus, the only pleading before the Court is Walker's original Complaint, which is not sufficient to invoke this Court's subject matter jurisdiction. For that reason, Walker's Complaint should be dismissed. In addition, this action should be dismissed because Walker's refusal to comply with the Court's orders (or otherwise engage in this action since his payment of the filing fee more than three months ago) indicates that he does not intend to prosecute this case.[2]

---

[2] Moreover, the undersigned notes Walker has paid the filing fee. *See* entry dated August 9, 2022. As a result, he is not proceeding *in forma pauperis* and 28 U.S.C. § 1915(e)(2) provides no basis for withholding service of process. Walker is therefore responsible for satisfying Federal Rule of Civil Procedure 4's service requirements. "If a defendant is not served within 90 days after the complaint is filed," a court "must dismiss the action without prejudice . . . or order that service be made within a specified time" unless the plaintiff shows good cause. FED. R. CIV. P. 4(m). It has been more than 90 days since Walker filed his Complaint, and he has yet to have summonses issued or file proof of service. *See* ECF No. 1 (dated Aug. 5, 2022). Although the undersigned does not rely on Rule 4 as a basis for dismissal given that Walker has not yet been afforded the opportunity to provide "good cause" for the delay, Walker's

## II. Discussion

### A. Walker's allegations are so patently frivolous that they deprive the Court of subject matter jurisdiction.

Walker has not pleaded adequate facts demonstrating that the Court possesses subject matter jurisdiction over his claims. According to Walker's Complaint, Defendants have "put their heads through the walls of [his] house" and harmed him in various ways. Compl. 5–7.

Where "a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dall. Cnty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996); *see Bell v. Hood*, 327 U.S. 678, 682–83 (1946) (providing that "a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). As a result, where a "complaint is patently insubstantial," the "court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction." *Isom v. U.S. Dep't of Homeland Sec.*, No. 4:20-CV-00948-SDJ-CAN, 2021 WL 2232052, at *2 (E.D. Tex. Apr. 28, 2021) (internal quotation marks omitted) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016)), *R. & R. adopted by* 2021 WL 2224345 (E.D. Tex. June 2, 2021); *accord Richard-Coulibaly v. Alanis*, No. 1:19-MC-11, 2019 WL 3752672, at *2 (E.D. Tex. Aug. 7, 2019) (stating that "when a plaintiff's complaint is facially frivolous and insubstantial, it is viewed as insufficient to invoke the jurisdiction of the federal courts" and that "[t]he Supreme Court has repeatedly held that the federal courts are without power to entertain claims which may otherwise be within their jurisdiction if they are so attenuated and

---

failure to serve defendants is further indication that he does not intend to prosecute this case. *See, e.g., Koussa v. IRS/FBAR*, No. 3:19-CV-1271-S-BT, 2020 WL 10403253, at *2 (N.D. Tex. Aug. 6, 2020) (warning plaintiff that failure to timely serve defendants would result in "dismiss[al] without prejudice for failure to prosecute").

4

unsubstantial as to be absolutely devoid of merit"). That is, dismissal for lack of subject matter jurisdiction is appropriate "when a complaint is obviously frivolous factually." *Isom*, 2021 WL 2232052, at *2 (internal quotation marks and citation omitted). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Walker's Complaint is factually frivolous. Walker's delusional allegations are "wholly incredible." *Isom*, 2021 WL 2232052, at *2 (finding plaintiff's assertion that the government "us[ed] and allow[ed] others to use her identity for financial gain, resulting in job loss, homelessness, home break-ins, and assassination attempts . . . [fell] under truly fanciful factual allegations warranting dismissal" (internal quotation marks omitted)); *see, e.g., Starrett v. Lockeed Martin Corp.*, No. 3:17-cv-00988-D-BT, 2018 WL 1399177, at *3 (N.D. Tex. Mar. 9, 2018) ("In this case, Plaintiff generally alleges a conspiracy between the defendants to remotely control his brain and body causing him distress. The Court has little difficulty concluding that Plaintiff's claims are patently frivolous and should be dismissed for lack of subject matter jurisdiction."), *R. & R. adopted by* 2018 WL 1383398 (N.D. Tex. Mar. 19, 2018), *aff'd*, 735 F. App'x 169 (5th Cir. 2018); *Ahrens v. City of Yorktown*, No. 16–CV–0057–RP–JCM, 2016 WL 10950459, at *3 (W.D. Tex. June 29, 2016) (recommending dismissal of plaintiff's claims where plaintiff alleged that various governments and agencies had "'brain raped' her, controlled her thoughts and actions, attacked her with directed energy weapons, attempted to murder her by poisoning, sexually assaulted her with lasers, tracked her via satellite, placed cameras in her home, falsified her health records, and placed her under a secret 'fraudulent guardianship'"), *R. & R. adopted by* 2016 WL 10950436 (W.D. Tex. July 19, 2016); *Patterson v. U.S. Gov't*, No. 3-08-CV-1730-K, 2008 WL 5061800, at *1 (N.D. Tex. Nov. 25, 2008) (dismissing frivolous complaint raising "outlandish

allegations" including that plaintiff "received messages from anonymous sources and through television ads").

The Court has provided Walker multiple opportunities to amend, and any additional opportunity would be futile given the Court's lack of subject matter jurisdiction. *See, e.g., Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) ("Granting leave to amend is not required . . . if the plaintiff has already pleaded his best case." (internal quotation marks and citation omitted)); *Redmond v. PRLAP*, No. 4:21-mc-006, 2022 WL 3141867, at *7 (E.D. Tex. Aug. 5, 2022) ("[G]ranting leave to amend would be futile because the Court lacks subject matter jurisdiction and the Court has determined that Plaintiff's claims are factually frivolous."); *Flowers v. Acuity Brands Lighting*, No. 3:19-CV-2090-S-BK, 2019 WL 10835996, at *2 (N.D. Tex. Oct. 1, 2019) (finding that permitting pro se plaintiff "leave to amend would be futile and cause needless delay," where plaintiff's allegations "clearly demonstrate[d] a lack of subject matter jurisdiction"), *R. & R. adopted by* 2020 WL 5983203 (N.D. Tex. Oct. 8, 2020); *Terry v. Oncor Delivery*, No. 14–CV–3496–P, 2014 WL 7174300, at *1 (N.D. Tex. Dec. 16, 2014) (denying "futile" motion to amend and dismissing frivolous complaint for lack of subject matter jurisdiction).

Because Walker's allegations are so wholly frivolous and insubstantial as to deprive the Court of subject matter jurisdiction, they should be dismissed without prejudice.

### B. Walker's Complaint should be dismissed because he has not complied with Court orders to file a non-frivolous amended complaint.

Alternatively, the United States District Judge should dismiss this action due to Walker's refusal to comply with Court orders. A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in

the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

Walker has not complied with the Court's September 6 or September 30 orders to file an amended complaint that sets forth non-frivolous claims for relief. ECF Nos. 4, 5. In this circumstance the Court is essentially at the mercy of a litigant who refuses to prosecute his own case. Pro se litigants cannot hold a court's docket hostage by refusing to comply with orders designed to allow the court to timely and efficiently manage its docket. Thus, the Court could dismiss this action for this reason alone. *See, e.g.*, *Lee v. Dallas Cnty.*, No. 3:19-CV-2690-L, 2020 WL 10963959, at *1 (N.D. Tex. Jan. 2, 2020) (dismissing action under Rule 41(b) for failure to comply with court's order to file an amended complaint); *Conely v. Georgetown Indep. Sch. Dist.*, No. A–14–CA–243–SS, 2014 WL 2727107, at *4 (W.D. Tex. June 13, 2014) ("Plaintiff has ignored a court order requiring her to file an amended complaint. Dismissal is clearly appropriate under the circumstances." (citing Fed. R. Civ. P. 41(b))); *Minorchio v. Bank of Am.*, No. A-10-CA-406 LY, 2010 WL 11652405, at *1–2 (W.D. Tex. Aug. 27, 2010) (recommending dismissal of complaint where plaintiff "ignored a court order requiring him to file an Amended Complaint remedying the deficiencies of his Original Complaint" and therefore failed to "make a short and plain statement of his claim showing that he is entitled to relief" or "provide the defendants fair notice of the claims made against them"), *R. & R. adopted by* 2010 WL 11652404 (W.D. Tex. Sept. 24, 2010); *Ortiz v. Dir. Skyview Unit*, No. 3:08-CV-0124-N EFC, 2008 WL 2200472, at *1–2 (N.D. Tex. May 1, 2008) (dismissing action for failure to prosecute where plaintiff failed to comply with court's order to "file an amended complaint that complies with [Rule] 8(a)").

### III. Recommendation

Because Walker has not complied with Court orders and has not pleaded sufficient facts to invoke this Court's subject matter jurisdiction, the undersigned recommends that the United States District Judge dismiss Walker's Complaint without prejudice for lack of subject matter jurisdiction. Alternatively, the undersigned recommends that the United States District Judge dismiss without prejudice Walker's Complaint under Fed. R. Civ. P. 41(b) for failure to prosecute.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 16, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE